**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **MANUEL ROBERT LUCERO V,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **22-11846-IT** |
| **STEPHEN P. HART, et al.,** | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## <u>ORDER</u>

**TALWANI, D.J.**

Manuel Robert Lucero V, who is currently in custody at the Essex County Correctional Facility, initiated this action on October 25, 2022, by filing a <u>Complaint</u> [Doc. No. 1] accompanied by an <u>Application to Proceed in District Court Without Prepaying Fees or Costs</u> [Doc. No. 2].

By <u>Procedural Order</u> [Doc. 4] dated November 1, 2022, Plaintiff's <u>Application to Proceed in District Court Without Prepaying Fees or Costs</u> [Doc. No. 2] was denied without prejudice and Lucero was directed to file a renewed motion accompanied by a certified copy of prison account statement for the six month period immediately preceding the filing of the complaint.[1] In order to facilitate any request by Lucero for a copy of his prison account

---

[1] A prisoner's request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Lucero alleges that he was confined to the Worcester County Jail from August 15, 2022 until September 13, 2022. *See* <u>Complaint</u> [Doc. No. 1] at ¶ IV (statement of claim). As best can be gleaned from Plaintiff's allegations, he arrived at the Essex County Correctional Facility on or about September 13, 2022. *Id.*

statement, the Clerk was directed to send a copy of the <u>Procedural Order</u> [Doc. No. 4] to the Treasurer's Office at the facility where Lucero was incarcerated.

On November 28, 2022, Lucero filed a <u>Motion for Extension of Time and Order Compelling Keeper of Records to Disclose</u> [Doc. No. 5], stating in part that "the Essex County Sheriff's Department refuses to voluntarily provide Plaintiff with such records." *Id.*

On December 6, 2022, Plaintiff was granted an extension to December 30, 2022. Electronic Order [Doc. No. 6]. At that time, the Treasurer at the Essex County Correctional Facility was requested to provide to Lucero, as soon as possible, the inmate account information requested in the November 1, 2022 Order. *Id.*

Now before the court is Lucero's <u>Ex Parte Motion for Issuance of Subpoenas Duces Tecum & Extension of Time</u>. [Doc. No. 7]. Lucero states that in response to the court's procedural orders he has made several formal and informal requests for account statements to both the Worcester County Sheriff's Office and the Essex County Sheriff's Office, as he was housed in facilities in both counties during the period for which the inmate account information is needed, and that neither office has complied with his requests. *Id.* at ¶ 1. Among other things, Lucero states that he was advised by an Essex County Correctional Facility officer that that facilities' "account records are property of the [Essex County Sheriff's Department] and, absent compulsory process issued by a court of competent jurisdiction, certified copies of such records will never be provided." *Id.* at ¶ 2.

The court is not required to delay disposition in this case until such time as Plaintiff's custodians provide the statutorily required account statements. *See* 28 U.S.C. § 1915(a)(2). Therefore, the court will grant in part and deny in part Plaintiff's <u>Ex Parte Motion for Issuance of Subpoenas Duces Tecum & Extension of Time</u> [Doc. No. 7]. The court will construe Plaintiff's

pending motion as a renewed motion for leave to proceed *in forma pauperis* which will be granted. Assessment of the obligation to make payments towards the filing fee will be deferred until account statements can be secured.

In the court's experience, each prison has a procedure for submitting applications to proceed *in forma pauperis*. Although the court has no authority to compel unnamed officials who have not been served or named as parties in this matter to provide trust account statements to Plaintiff or directly to the court, the Federal Rules of Civil Procedure provide methods for compelling compliance with discovery requests. Plaintiff's request for issuance of subpoenas will be denied without prejudice to renewal at a later phase of the case. *See* Fed. R. Civ. P. 26(d)(1) (specifying that "[a] party may not seek discovery from any source" until holding the initial discovery planning conference required by Federal Rule of Civil Procedure 26(f)). In matters involving a request for early or expedited discovery, including discovery in advance of the Rule 26(f) conference, courts typically have required the proponent to demonstrate good cause for departing from the ordinary discovery process. *Patrick Collins, Inc. v. Does 1-79*, 286 F.R.D. 160, 163 (D. Mass. 2012). Here, Plaintiff's request for subpoenas will be denied without prejudice to renewal after service of process.

Based upon the foregoing, it is it is hereby ORDERED that

1.      The Ex Parte Motion for Issuance of Subpoenas Duces Tecum & Extension of Time [Doc. No. 7] is GRANTED IN PART and DENIED IN PART. The motion is DENIED WITHOUT PREJUDICE as to the request for issuance of subpoenas and for an extension of time. The motion, construed as a renewed motion for leave to proceed *in forma pauperis*, is GRANTED and assessment of Plaintiff's obligation to make payments towards the filing fee is deferred until the relevant account statements can be secured.

2.     Sheriff Kevin F. Coppinger, and/or the appropriate Essex County Correctional Facility official are requested to file with this court, on or before February 24, 2023, a certified copy of Plaintiff's inmate account statement. The Clerk shall send copies of this Order to Sheriff Coppinger as well as the Essex County Correctional Facility Inmate Accounts' Office.

3.     The Clerk shall issue a summons for each Defendant. Plaintiff is responsible for ensuring that the summonses, Plaintiff's Complaint [Doc. No. 1], Plaintiff's Ex Parte Motion for Issuance of Subpoenas Duces Tecum & Extension of Time [Doc. No. 7], and this Order are served on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

4.     Because Plaintiff is proceeding *in forma pauperis*, he may elect to have service completed by the United States Marshals Service ("USMS"). If Plaintiff chooses to have service completed by the USMS, he shall provide the agency with a copy of this order, all papers for service, and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by Plaintiff with all costs of service to be advanced by the United States. The Clerk shall provide Plaintiff with blank USM-285 forms and instructions for service.

5.     Plaintiff shall have 90 days from the date of the issuance of the summons to complete service. Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to Plaintiff. *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

6.     Pursuant to 42 U.S.C. § 1997e(g)(2), Defendants, upon service, are directed to respond to Plaintiff's Complaint [Doc. No. 1] and to provide the court with a copy of Plaintiff's trust account statement or show cause why they should not be compelled to provide that copy to the court.

**So ordered.**

/s/ Indira Talwani
United States District Judge

Dated: January 20, 2023

4